IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEDRO MIGUEL DA SILVA PIMENTA, and HEATHER STAPLES, ) ) ) Plaintiffs, ) ) v. ) ) CHARLES T. THORNTON, in his ) Individual Capacity, and the CITY OF ) ECLECTIC, ) ) Defendants. ) | CASE NO.: 23-CV-613 TRIAL BY JURY DEMANDED |

### PLAINTIFF'S COMPLAINT

COME NOW the Plaintiffs, Pedro Miguel Da Silva Pimenta ("Plaintiff Pimenta") and Heather Staples ("Plaintiff Stapels"), by and through their undersigned counsel, K. David Sawyer of McPhillips Shinbaum, LLP and file their Complaint against each of the named Defendants as stated below:

### INTRODUCTION

At this stage, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). A Complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "The

1

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting *Twombly*, 550 U.S. at 556). (See also *Mulvaney v. Meeks*, 2020 U.S. Dist. LEXIS 244560 (M.D.Ala., December 30, 2020).

The Plaintiffs reserve the right to amend this Complaint as necessary due to the additional discovery of additional facts and/or identity of additional Defendants, and as allowed by rules and/or by the Court.

I.   NATURE OF THE ACTION, JURISDICTION & VENUE

1. Plaintiffs file this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court to assert claims and recover damages for violations of Alabama law, and pursuant to 42 U.S.C §1983, et. seq. for violations of the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution by Defendant Charles T. Thornton, while acting under color of state law, and by the Defendant City of Eclectic. This court has jurisdiction to hear the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4); and supplemental jurisdiction to hear Plaintiffs' state law claims which are part of the same case or controversy and arise from the same facts, or involve similar occurrences, witnesses or evidence pursuant to 28 U.S.C. § 1367.

2. The constitutional violations include claims brought pursuant to 42 U.S.C §1983 and arise from the individually named Defendants' unlawful and false arrests, and unlawful incarceration of Plaintiff Pimenta and the malicious prosecution by the City of Eclectic resulting in the injuries and damages to Plaintiff Pimenta and Plaintiff Staples.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 139l(b), because each Defendant resides in, or is located in Elmore County, Alabama, and the alleged incidents, events, actions and occurrences giving rise to the these causes of action occurred in Elmore County, Alabama.

## II. PARTIES

4. Plaintiff Pimenta and Plaintiff Staples are citizens of the United States and residents of the State of Alabama. Each Plaintiff is over the age of nineteen years.

5. The Defendant Charles T. Thornton ("Defendant Thornton") is an officer or employee of the City of Eclectic, and is named only in his individual capacity, and directly participated in the alleged actions while acting under color of law and within the line and scope of his duties, and according to the policies and customs of the City of Eclectic and/or the Eclectic Police Department.

6. The Defendant, the City of Eclectic, is entrusted with the proper operation and management of the Eclectic Police Department, including the supervision, training and management of officers and employees, including Defendant Thornton. The City of Eclectic authorized, ratified and/or condoned the policies, procedures, customs, and practices which govern the duties and actions of all officers and employees of the Eclectic Police Department and Defendant Thornton participated in these alleged actions while acting under color of law and within the line and scope of his duties. The City of Eclectic is located in Elmore County, Alabama.

## III. STATEMENT OF FACTS

9. On or about October 19, 2021, Defendant Thornton, without arguable probable cause, arrested Plaintiff Pimenta and incarcerated Mr. Pimenta in the Elmore County jail, charging Mr. Pimenta with alleged harassment.

10. After being incarcerated, Defendant Thornton and the City wrongfully set the bond amount for Plaintiff's release from incarceration at $1,000.

11. Wen Plaintiff Staples appeared at the Elmore County jail to post bond Plaintiff Pimenta's release from out of jail, Plaintiff Pimenta stated that Defendant Thornton was crooked.

12. In response, Defendant Thornton wrongfully revoked Mr. Pimenta's bond, and, without arguable probable cause, again arrested Mr. Pimenta for alleged harassment, and informed Plaintiff Pimenta and Plaintiff Staples that Mr. Pimenta would remain in the Elmore County jail.

13. Plaintiff Pimenta was eventually allowed to post bond, and was released from the Elmore County jail.

14. Each alleged harassment charges brought against Plaintiff Pimenta was scheduled for trial before the City of Eclectic Municipal Court as Case No. MC-21-0000065 and Case No. MC-21-0000066.

15. On or about February 24, 2022, the City dismissed each charge of alleged harassment brought by the City against Plaintiff Pimenta.

16. While the unsubstantiated and malicious criminal charges remained pending, and after each charge was dismissed, Plaintiff Pimenta and Plaintiff Staples have suffered substantial damages.

17. In addition, the baseless arrests and criminal charges will always be part of Mr. Pimenta's record, making it difficult for him to seek employment or even be considered by a company for an interview. This will also detrimentally affect any public or governmental information concerning Mr. Pimenta, as well as his ability to obtain loans or other financial assistance when necessary.

18. Plaintiff Pimenta and Plaintiff Staples have incurred numerous damages, including, but not limited to physical, economic and emotional damages as a result of the unlawful acts of each of the named defendants.

## IV. CAUSES OF ACTION

### COUNT I
### FOURTH AMENDEMENT VIOLATIONS BY DEFENDANT THORNTON
### FALSE ARRESTS

19. Plaintiffs herby repeat, reallege, and incorporate by reference the preceding paragraphs 1 through 18 stated above.

20. On or about October 19, 2021, Officers Charles T. Thornton, acting individually, deprived Plaintiff Pimenta of his Constitutional rights by unreasonably seizing him and falsely arresting him without arguable probable cause on two separate occasions in violation of his rights and protections provided by the Fourth Amendment to the United States Constitution.

21. Officer Thornton was acting within the line and scope of his police duties with the City of Eclectic when each negligently and/or recklessly, deprived Plaintiff Pimenta of his Constitutional rights by unreasonably seizing him and falsely arresting him without arguable probable cause in violation of his rights and protections provided by the Fourth Amendment to the United States Constitution.

22. As a direct and proximate result of Defendant Thornton's actions in violation of Plaintiff's protections provided by the Fourth Amendment to the United States Constitution, Plaintiff Pimenta suffered personal and monetary damages, including mental anguish and emotional distress.

WHEREFORE Plaintiff Pimenta demands judgment against Defendant Thornton for compensatory damages and punitive damages, as allowed, in such sum as the jury may reasonably determine, for the costs of this action, for a reasonable attorney's fee, and such further additional, necessary relief as the jury deems appropriate.

### COUNT II

## FOURTH AMENDEMENT VIOLATIONS BY DEFENDANT THORNTON
## FOR WORNGFULLY REVOKING BOND

23.     Plaintiffs herby repeat, reallege, and incorporate by reference the preceding paragraphs 1 through 18 stated above.

24.     On or about October 19, 2021, Defendant Thornton deprived Plaintiff Pimenta of his Constitutional rights by unlawfully revoking his bond and unreasonably seizing him and falsely detaining him in violation of his rights and protections provided by the Fourth Amendment to the United States Constitution.

25.     Defendant Thornton was acting within the line and scope of his police duties with the City of Eclectic when he negligently and/or recklessly, deprived Plaintiff Pimenta of his Constitutional rights by unlawfully revoking his bond, and by unreasonably seizing him and falsely arresting him in violation of his rights and protections provided by the Fourth Amendment to the United States Constitution.

26.     As a direct and proximate result of Defendant Thornton's actions in violation of Plaintiff's protections provided by the Fourth Amendment to the United States Constitution, Plaintiff Pimenta suffered personal and monetary damages, including mental anguish and emotional distress.

27.     Also, as a direct and proximate result of Defendant Thornton's actions in violation of Plaintiff's protections provided by the Fourth Amendment to the United States Constitution, Plaintiff Staples suffered personal and monetary damages, including mental anguish and emotional distress.

WHEREFORE Plaintiff Pimenta and Plaintiff Staples each demand judgment against Defendant Thornton for compensatory damages and punitive damages, as allowed, in such sum as

the jury may reasonably determine, for the costs of this action, for a reasonable attorney's fee, and such further additional, necessary relief as the jury deems appropriate.

### COUNT III
### FOURTH AMENDMENT VIOLATIONS
### DELIBERATE INDIFFERANCE BY THE CITY OF DOTHAN

28. Plaintiff herby repeats, realleges, and incorporates by reference the preceding paragraphs 1 through 18, stated above.

29. This count is brought against the City of Dothan pursuant to 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1988.

30. On or about October 19, 2021, Defendant Thornton deprived the Plaintiff Pimenta of his Constitutional rights by unreasonably seizing him and falsely arresting him in violation of her rights and protections provided by the Fourth Amendment to the United States Constitution.

31. The City of Eclectic's policies, customs, and practices constituted a deliberate indifference to the constitutional rights of the Plaintiff and was the moving force behind unlawful and unreasonable seizure and arrest of Plaintiff by Defendant Thornton.

32. The City of Eclectic's policymakers, the Eclectic Police Department's policymakers, and the supervisors of Defendant Thornton, subjectively knew that their customs and practices (1) in failing to train officers in making lawful arrests, and (2) in failing to discipline and/or educate previous officers' use of unconstitutional and unreasonable seizures.

33. The City of Eclectic's policymakers, the City of Eclectic Police Department's policymakers, and the supervisors of Defendant Thornton were not only aware of facts from which these conclusions could be drawn, they each subjectively drew such conclusions. They disregarded

the risk to those not under arrest and who pose no threat to the officers, and in so doing they acted with more than gross negligence.

34.	The City of Eclectic's and the City of Eclectic Police Department's unconstitutional policies and customs were the driving force behind the unconstitutional seizure and arrest of Plaintiff Pimenta.

35.	As a direct and proximate result of the Defendant's actions in violation of Plaintiff's protections provided by the Fourth Amendment to the United States Constitution, Plaintiff suffered personal and monetary damages, including mental anguish and emotional distress.

WHEREFORE Plaintiff demands judgment against the City of Eclectic for compensatory damages and punitive damages, as allowed, in such sum as the jury may reasonably determine, for the costs of this action, for a reasonable attorney's fee, and such further additional, necessary relief as the jury deems appropriate.

## COUNT IV
## MALICIOUS PROSECUTION

36.	Plaintiff herby repeats, realleges, and incorporates by reference the preceding paragraphs 1 through 18, stated above.

37.	Plaintiff alleges that each of the named Defendants, without probable cause, and with malice and/or ill will, wrongfully arrested on two separate occasions, and instituted unfounded criminal charges against Plaintiff Pimenta, which charges ended unsuccessfully in court for said Defendants.

38.	Plaintiff further avers that he was significantly damaged, not only by incurring the cost of an attorney's fee in defending himself against the unlawful criminal charges, but also by

8

unsubstantiated and malicious charges remaining pending for a number of months, resulting in damages, including mental anguish.  The Defendants' actions further caused Plaintiff Pimenta to be arrested, photographed, finger-printed, and made to feel or appear like a common criminal.

39. Even though Plaintiff had the criminal charges dismissed against him, each arrest by Defendant Thornton will always be on Plaintiff Pimenta's record, thus making it more difficult for Plaintiff to get a job, loans, financial assistance or anything else for which security clearance may be important or necessary.

40. Plaintiff has also been left the burden of seeking to expunge the damage to his good name, integrity and reputation by the criminal record of arrest he now has, and desires to seek expungement in a court of law. However, upon research and information, Plaintiff understands that the legal fee and costs for the extensive work required to obtain an expungement of his criminal record may well cost as much as $7,500 or more, which adds to Plaintiff's damages.

WHEREFORE Plaintiff demands judgment against each of the named Defendants for compensatory damages and punitive damages, as allowed, in such sum as the jury may reasonably determine, for the costs of this action, for a reasonable attorney's fee, and such further additional, necessary relief as the jury deems appropriate.

## COUNT V
## NEGLIGENCE AND/OR WANTONNESS

41. Plaintiff herby repeats, realleges, and incorporates by reference the preceding paragraphs 1 through 18 stated above.

42. On or about October 19, 2021, Defendant Thornton negligently and/or recklessly, deprived the Plaintiff of his Constitutional rights by unreasonably seizing him and falsely arresting

him on two separate occasions in violation of his rights and protections provided by the Fourth Amendment to the United States Constitution.

43. Defendant Thornton was acting within the line and scope of his police duties with the City of Eclectic when he negligently and/or recklessly, deprived the Plaintiff of his Constitutional rights by unreasonably seizing him and falsely arresting him in violation of his rights and protections provided by the Fourth Amendment to the United States Constitution.

44. Defendant negligently and wantonly falsely arrested and unreasonably seized the Plaintiff in violation of the Fourth Amendment of the Unites States Constitution, and acted willfully, maliciously, fraudulently, in bad faith, beyond his authority or under a mistaken interpretation of the law.

45. As a direct and proximate result of Defendant Thornton's negligence and/or wantonness, Plaintiff suffered personal and monetary damages, including mental anguish and emotional distress.

WHEREFORE Plaintiff demands judgment against Defendant Thornton for compensatory damages and punitive damages, as allowed, in such sum as the jury may reasonably determine, for the costs of this action, for a reasonable attorney's fee, and such further additional, necessary relief as the jury deems appropriate.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 18th day October 2023.

/s/ K. David Sawyer
K. David Sawyer (ASB-5793-R61K)
McPhillips Shinbaum, LLP
516 South Perry Street

        Montgomery, AL 36104
        T: (334) 239-7382
        F: (334) 263-2321
        kdsawyer64@outlook.com
        Counsel for Plaintiffs

OF COUNSEL
McPhillips Shinbaum, LLP
516 South Perry Street
Montgomery, AL 36104
T: (334) 262-1911

**NOTICE OF SERVICE OF PROCESS:**

    PLAINTIFFS WILL SERVE EACH OF THE FOLLOWING AS REQUIRED BY THE FEDERAL RULES OF CIVIL PROCEDURE:

**Charles T. Thornton**
**c/o**
**Town of Eclectic**
**Town of Eclectic Police Department**
**145 Main St.**
**Eclectic AL 36024**

**Town of Eclectic**
**Office of Mayor**
**145 Main St.**
**Eclectic AL 36024**